612 A.2d 1349

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dennis FOY, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 11, 1992.

Decided Sept. 16, 1992.

David S. Shrager, Pittsburgh, for appellant.

Andrew F. Schneider, Langhorne, for amicus curiae, Pennsylvania Crim. Defense Lawyers.

324

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Sandra Preuhs, Asst. Dist. Attys., Pittsburgh, for appellee.

OPINION

ZAPPALA, Justice.

We granted allocatur to consider as a question of first impression whether the trial court erred in admitting into evidence testimony that following the Appellant's arrest, no further crimes of the type that the Appellant was accused of were reported. We find that the admission of such evidence was error; however, the error in the case *sub judice* was harmless.

Between February 2 and August 25, 1987, four elderly women in the Borough of Homestead, Pennsylvania, were sexually assaulted in the bedrooms of their homes. The unique pattern of these crimes indicated that the assaults were the work of a single perpetrator since all the victims ranged in age from 65 to 85 years old and lived alone within a densely populated two and one-half block area. These early morning attacks, which occurred after the victims had gone to sleep, began with the assailant covering the victim's head with a blanket, tying the victim's hands and feet with clothing, bed-clothes or other objects found in the house, sexually assaulting her, and then burglarizing the residence.

In early September, 1987, an Allegheny County Police Detective received information from a confidential informant that Appellant was in possession of a shotgun which had been stolen from one of the victims. The detective was informed that Appellant shortly would arrive at a pawn shop to retrieve the stolen weapon. The police waited at the shop until Appellant arrived, and after Appellant obtained the gun, he was placed under arrest on the charge of receiving stolen property.

Appellant was charged with five counts of burglary, four counts of rape, three counts of robbery, two counts of theft by unlawful taking or disposition, one count of involuntary deviate

sexual intercourse, and one count of receiving stolen property. Following a jury trial in the Court of Common Pleas of Allegheny County, Appellant was convicted on all charges, and subsequently was sentenced to an aggregate term of imprisonment of 100 to 200 years. On appeal, a divided Superior Court panel affirmed the judgment of sentence 394 Pa.Super. 442, 576 A.2d 366. This appeal follows.

Appellant contends that the Superior Court erred in failing to find the trial court committed reversible error in denying his motion for new trial based on the testimony of the police chief that no further crimes of the type which Appellant was accused were reported following Appellant's arrest. At trial, the Commonwealth called as a witness Christopher Kelly, the Homestead Chief of Police. Over defense objection, the prosecutor posed the following question:

Q: Chief Kelly, have you gotten any reports of crimes that involve the early morning burglaries including rapes and robberies in that burglary involving the homes of elderly women living alone since September 3rd, 1987?

A: No, sir, none.

N.T.Vol. 2 at 250. Both the trial court and the Superior Court ruled that the testimony was admissible.

A trial court's rulings on evidentiary questions are controlled by the discretion of the trial court and this Court will reverse only for clear abuse of that discretion. *Commonwealth v. Dollman*, 518 Pa. 86, 541 A.2d 319 (1988); *Commonwealth v. Cargo*, 498 Pa. 5, 444 A.2d 639 (1982). In determining whether certain evidence is admissible, the trial court must first inquire into the relevancy of that evidence. Evidence which tends to establish some fact material to the case or which tends to make a fact at issue more or less probable is relevant. *Commonwealth v. Scott*, 480 Pa. 50, 389 A.2d 79 (1978).

The Superior Court found that where a series of crimes is so similar as to bear the marks of a common signature, the cessation of such crimes at the time of the defendant's arrest may be relevant to the question of the

defendant's guilt or innocence. *Commonwealth v. Foy,* 394 Pa.Super. 442, 448, 576 A.2d 366, 368–369 (1990). This conclusion is fatally flawed.

Such evidence is inherently unreliable. As the Superior Court noted:

> [T]here are many possible reasons for an absence of additional reported crimes that are consistent with the defendant's innocence. Police testimony concerning the reports could be inaccurate. Further signature crimes may have been committed but never reported to the police. The true culprit may have died, or left the community, or been incarcerated on unrelated charges about the time of the defendant's arrest. Or perhaps the true culprit has decided to refrain from further acts of violence in order to shift suspicion onto the defendant and thereby escape detection.

*Id.* 394 Pa.Super. at 450, 576 A.2d at 370. Because Police Chief Kelly's testimony did not establish some fact material to the case or tend to make a fact at issue more or less probable, we find that such evidence was not relevant.

■ Even assuming, *arguendo,* that Police Chief Kelly's testimony is relevant, it remains clear that his statement should have been excluded. Relevant evidence is subject to exclusion if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. *Commonwealth v. Boyle,* 498 Pa. 486, 447 A.2d 250 (1982). The jury may well have concluded that Appellant was guilty because Police Chief Kelly testified that no further crimes had occurred since Appellant's arrest. Certainly, this possibility of prejudice outweighs any probative value of the evidence in light of the variety of explanations noted above for the cessation of the crimes.

We hold, therefore, that the trial court erred in admitting into evidence the testimony that following the Appellant's arrest, no further crimes of the type which the Appellant was accused were reported.

The Commonwealth contends, however, that even if the admission of this evidence was error, it was "harmless error"

in view of the overwhelming evidence presented by the Commonwealth with respect to Appellant's guilt.

■ It is well established in this Commonwealth that an error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless. *Commonwealth v. Story*, 476 Pa. 391, 406, 383 A.2d 155, 162 (1978). See also *Commonwealth v. Lewis*, 528 Pa. 440, 598 A.2d 975 (1991); and *Commonwealth v. Williams*, 524 Pa. 404, 573 A.2d 536, 538–539 (1990). The burden of establishing that the error was harmless beyond a reasonable doubt rests with the Commonwealth. *Commonwealth v. Story*, 476 Pa. at 406, n. 11, 383 A.2d at 162 n. 11.

■ Error is considered to be harmless where: (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. *Commonwealth v. Williams*, 524 Pa. 404, 573 A.2d 536, 538–539 (1990), citing *Commonwealth v. Story*, supra.

■ In the case *sub judice*, we conclude that the Commonwealth has demonstrated beyond a reasonable doubt that the admission of Police Chief Kelly's testimony that no further crimes had occurred since Appellant's arrest was harmless error in view of the overwhelming evidence presented by the Commonwealth with respect to Appellant's guilt. The Commonwealth introduced the following items into evidence during the course of trial: (1) Appellant made a voluntary and informed admission of his responsibility for all five criminal episodes; (2) usable fingerprints recovered at the scene of three assaults were determined to be the same as Appellant's; (3) items identified as stolen from two victims were recovered during a search of Appellant's parents' residence and another stolen item was recovered during the search of Appellant's

girlfriend's residence; (4) during a tour of the neighborhood with police, Appellant identified the residences of all the victims; (5) the blood type and characteristics of the semen samples obtained from the victims were consistent with those of a minute portion of the population and Appellant; and (6) samples of head and pubic hair discovered at the scene of four episodes were consistent with Appellant's.

For these reasons, we affirm on an alternative basis the order of the Superior Court which in turn affirmed the judgment of sentence of the Court of Common Pleas of Allegheny County.