COMMONWEALTH of Pennsylvania,
Appellee,

v.

Andrew E. LILLIOCK, Appellant.

Superior Court of Pennsylvania.

Submitted June 1, 1999.

Filed Sept. 23, 1999.

Eric E. Bononi, Greensburg, for appellant.

John W. Peck, II, Dist. Atty., Greensburg, for Com., appellee.

Before KELLY, JOYCE and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Appellant, Andrew E. Lilliock, appeals from the judgment of sentence entered on December 4, 1997. After a careful review of the record and relevant case law, we find appellant's contentions to be meritless and thus affirm.

¶ 2 The relevant facts underlying this case are as follows. On March 4, 1995, a fire erupted at the mobile home of Sandra Lilliock. On June 26, 1996, Sandra Lilliock's estranged husband, Andrew Lilliock, was arrested and charged with arson, risking a catastrophe, recklessly endangering another person, burglary, and criminal trespass. During the jury trial, the Commonwealth presented the testimony of an eyewitness, Judy Dutchko. Ms. Dutchko testified that, on March 4, 1995, she observed a white male, approximately thirty years old and with no noticeable facial hair, driving a white Volkswagon Rabbit or Plymouth Horizon arrive at Sandra Lilliock's mobile home. The person entered the mobile home, remained there for a few minutes, and then

departed. Several minutes later, Ms. Dutchko noticed flames inside of the home. The Commonwealth also adduced evidence that Sandra Lilliock had recently separated from appellant and that there was a history of physical abuse by appellant towards his wife. Additionally, the Commonwealth presented the testimony of Jay Whitfield, a former friend of appellant, who testified that he was with appellant at a bar on the night of the fire. According to Mr. Whitfield, appellant left the bar after he learned that his wife was with another man. Later that night, appellant admitted to Mr. Whitfield that he set his wife's mobile home on fire and that he made it look like a furnace fire by placing rags around the furnace.

¶ 3 After deliberating upon the evidence presented, the jury returned a verdict of guilty on all counts. Appellant was sentenced to eighteen to thirty-six months' incarceration. Appellant filed a post-sentence motion, which was denied by the lower court. This timely appeal followed.

¶ 4 Appellant presents ten questions for our review:

I. Were the verdicts against the weight of the evidence?

II. Did the trial court err in permitting the jurors to take a magnifying glass into [the] courtroom to examine photographs?

III. Did the trial court err in not permitting introduction of all of Sandra Lilliock's bank records?

IV. Did the trial court err in not instructing the jury with the "false in one, false in all" standard jury instruction?

V. Should the defendant's sentence be modified?

VI. Was trial counsel ineffective for failing not to object to the admission of "prior bad acts"?

VII. Was trial counsel ineffective for not calling alibi witnesses?

VIII. Was trial counsel ineffective for failing to raise post trial motions on the trial court's hearsay determination of the police report?

IX. Was trial counsel ineffective for failing to raise post trial motions on the trial court's limitation of defense witness testimony?

X. Was trial counsel ineffective for failing to raise post trial motions on the inflammatory closing remarks of the district attorney?

Appellant's brief, at 6 (suggested answers omitted).

## WEIGHT OF THE EVIDENCE

¶ 5 Appellant first argues that the verdict was against the weight of the evidence for four reasons: (1) the Commonwealth did not present evidence that established that there was any forcible or unprivileged entry into Mrs. Lilliock's home in order to sustain the burglary conviction; (2) Ms. Dutchko's testimony was insufficient to identify appellant as the perpetrator; (3) the two expert witnesses provided conflicting testimony regarding the origin of the fire; (4) the testimony of Mr. Whitfield was inconsistent with other evidence presented by the Commonwealth; and (5) a portion of Mrs. Lilliock's testimony was refuted at trial.

¶ 6 The decision to grant a new trial based on a challenge to the weight of the evidence is within the sound discretion of the trial court. Absent an abuse of discretion, we will not reverse the trial court's ruling. *Commonwealth v. Eddowes*, 397 Pa.Super. 551, 580 A.2d 769 (1990). It is well established that the trial court should award a new trial on the basis requested by appellant only where a verdict is so contrary to the evidence so as to shock one's sense of justice and make the award of a new trial imperative. *Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111 (1991). An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court.

242 ■

*Commonwealth v. Ables*, 404 Pa.Super. 169, 590 A.2d 334 (1991).

■ ¶ 7 We find that appellant's first argument is meritless. Forcible entry is not an element of the crime of burglary. In order to be convicted of burglary, the Commonwealth must establish that the defendant "enter[ed] a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa. C.S.A. § 3502. The Commonwealth presented evidence to satisfy all elements of the crime of burglary. The Commonwealth need not have presented evidence of forcible entry.

■ ¶ 8 As to appellant's second claim, we find that Ms. Dutchko's description of the assailant was sufficient. Ms. Dutchko testified that she witnessed a white Volkswagon Rabbit or Horizon pull up to the mobile home on the night of the fire. She observed a white male, approximately six feet tall, with short hair and no apparent facial hair, exit the car and walk towards the front door. A light went on in the mobile home and then minutes later, the light went off. The man exited the mobile home and attempted to hide from Ms. Dutchko's view. Soon after he left the premises, Ms. Dutchko saw that the mobile home was on fire. Appellant is a white man, is five feet, eleven inches tall, has brown hair, and owned a white Volkswagon Rabbit at the time of the fire. When we consider Ms. Dutchko's testimony, together with other evidence presented by the Commonwealth, we find that the evidence was sufficient to identify appellant as the assailant.

■ ¶ 9 Appellant next challenges the weight of the evidence on the ground that the two expert witnesses presented by the Commonwealth provided contradictory testimony as to the origin and cause of the fire. Trooper Brian Craig examined the mobile home shortly after the fire was extinguished. Agent William J. Petraitis of the Bureau of Alcohol, Tobacco and Firearms, however, based his opinion upon his review of Trooper Craig's report, witness statements, and photographs of the scene. While appellant is correct in stating that the experts provided differing opinions as to the origin and cause of the fire, both experts did conclude that the fire was a result of arson. The experts' testimony, particularly concerning their opinion as to the fire being a result of arson, support the conviction, especially when considered together with the other evidence presented at trial. In any event, where evidence is conflicting, the issue of credibility of witnesses and a resolution of the conflict is a matter solely of the trier of fact. *Commonwealth v. Russell*, 445 Pa.Super. 510, 665 A.2d 1239, 1247 (1995).

■ ¶ 10 Appellant also challenges the weight of the evidence on the ground that the testimony of Jay Whitfield was contradictory and inconsistent with other evidence presented by the Commonwealth. Mr. Whitfield testified as to the statements made to him by appellant about how appellant started the fire. His testimony as to appellant's statements admitting how he started the fire differed from the experts' analysis of the origin and cause of the fire. Nevertheless, this does not render the verdict against the weight of the evidence because both the experts' and Mr. Whitfield's testimony support a finding that appellant started the fire. We reiterate that any inconsistencies in the evidence are a matter for the trier of fact to resolve, and we will not disturb the verdict on that basis. *Russell, supra.*

■ ¶ 11 Finally, appellant argues that Mrs. Lilliock's testimony regarding appellant's motive was refuted at trial. Mrs. Lilliock testified that appellant stated that he needed a tragedy to reunite his family. This statement had been made in the context of a discussion about the terminal illness of a family friend. Ms. Lilliock testified that appellant's statement was made after the friend's death. On cross-

examination, however, the defense presented evidence establishing that the friend did not die until after the fire occurred. Appellant now asks us to disturb the verdict because of this minor inaccuracy. "As the phenomenon of lying is within the ordinary capacity of jurors to assess, the question of a witness's credibility is reserved exclusively for the jury." *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315, 317 (1988). We find that the record amply supports the jury's determination, and thus we will not disturb the verdict.

### JUROR USE OF A MAGNIFYING GLASS

¶ 12 Appellant argues that the trial court erroneously permitted the jurors to take a magnifying glass into the courtroom to examine photographs that were admitted into evidence. At trial, both parties used a visual presenter, a video machine that enlarges a regular photograph on a video monitor, to assist them in presenting photographic evidence to the jury. A video presenter is not available to the jury in the jury room. As a result, the jury requested a magnifying glass in order to view the photographic evidence. According to appellant, the juror's use of the magnifying lens violated Pa.R.Crim.P. 1114, which states:

1. Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph 2.

2. During deliberations, the jury shall not be permitted to have a transcript of any trial testimony, nor a copy of any written or otherwise recorded confession by the defendant, nor a copy of the information.

Pa.R.Crim.P. 1114. "In interpreting this rule, [our Supreme Court] ... has noted that such trial court decisions are committed to the trial court's discretion and will not be reversed absent an abuse of that discretion." *Commonwealth v. Rucci*, 543 Pa. 261, 670 A.2d 1129 (1996).

¶ 13 We recognize the difficult task of the jury in determining the facts. "[W]here materials inform a jury and aid it in the difficult task of determining facts, the jury should be permitted to study those materials during its deliberations." *Commonwealth v. Bango*, 454 Pa.Super. 339, 685 A.2d 564, 566 (1996). The expert witnesses relied upon an examination of the photograph during their testimony, and the Commonwealth presented the evidence via the video presenter. The magnifying lens was used by the jury to view the photographs in the same manner as they were presented during trial. This procedure assisted the jury in its truth-determining process. Thus, we conclude that the trial court did not err or abuse its discretion in allowing the jury to utilize a magnifying lens during deliberations.

### EXCLUSION OF EVIDENCE OF BANK RECORDS

¶ 14 In order to establish ownership of the mobile home by Mrs. Lilliock and her right to deny access to the mobile home to appellant, Mrs. Lilliock testified that she made down-payments on the trailer and made a final payment of $1,300 at the time of closing. She later placed a stop payment order on the closing check because of misrepresentations regarding the date of manufacture made by the seller. The defense presented the testimony of Denise Poole of the Irwin Bank and Trust Company, who testified as to the status of Mrs. Lilliock's checking account at the time of the fire. According to Ms. Poole, Mrs. Lilliock's account upon which the closing check was drawn contained only $358.41 at the time that she issued the check. Appellant sought to show the status of Mrs. Lilliock's account prior to the time this check was issued. The court, however, did not allow the admission of such evidence and limited Ms. Poole's testimony to Mrs. Lilliock's account balance on the date of the closing check. Appellant now challenges the trial court's ruling.

■ ¶ 15 Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. *Commonwealth v. Bardo*, 551 Pa. 140, 709 A.2d 871, 877 (1998). "Admissibility depends on relevance and probative value." *Commonwealth v. Crews*, 536 Pa. 508, 523, 640 A.2d 395, 402 (1994). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." *Id.* (quoting *Commonwealth v. Spiewak*, 533 Pa. 1, 8, 617 A.2d 696, 699 (1992)). Once evidence is found to be relevant, it will be inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. *E.g., Commonwealth v. Foy*, 531 Pa. 322, 612 A.2d 1349 (1992).

¶ 16 The trial court concluded that the bank records were irrelevant to the issues at hand and thereby held that they were inadmissible. Appellant claims that the evidence should have been admitted to prove that Mrs. Lilliock did not have the financial security to purchase the mobile home at the time that it was destroyed. Appellant has not explained how Mrs. Lilliock's financial instability is relevant to the issues in the case. We agree with the trial court's finding that the evidence was inadmissible as irrelevant.

### *"FALSE IN ONE, FALSE IN ALL" STANDARD JURY INSTRUCTION*

■ ¶ 17 Appellant requested that the trial court instruct the jury with the maxim "falsus in uno, falsus in omnibus" ("false in one, false in all") because he believed that the Commonwealth's witnesses provided numerous inconsistent and untrue statements. The "false in one, false in all" instruction states that "if a witness willfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony." *Commonwealth v. Parente*, 184 Pa.Super. 125, 133 A.2d 561, 564

(1957), *aff'd* 392 Pa. 48, 139 A.2d 924 (1958). "But the correct principle goes no further than to say that the jury may disregard the testimony, not that they must disregard it." *Id.* The maxim applies only when "a witness wilfully and corruptly swears falsely to any material fact." *Id.* After a careful review of the testimony cited to us by appellant, we do not find any testimony that would warrant the instruction. Consequently, appellant's claim fails.

### *MODIFICATION OF SENTENCE*

■ ¶ 18 Appellant challenges the sentence on two grounds: (1) the evidence fails to support the verdicts and thereby fails to support the imposition of the consecutive sentences imposed; and (2) the consecutive sentences constitute a failure of the court to consider the mitigating evidence offered by appellant. Appellant's brief, at 17. Appellant has not developed these arguments in any fashion and has merely made bald assertions. Issues as to which defendant developed no argument and cited no authority are waived. *Commonwealth v. Luktisch*, 451 Pa.Super. 500, 680 A.2d 877 (1996). Thus, we find that appellant has waived the issue.

### *INEFFECTIVENESS OF COUNSEL*

¶ 19 Finally, appellant challenges the effectiveness of counsel on five grounds: (1) counsel failed to object to the admission of prior bad acts; (2) counsel failed to call alibi witnesses; (3) counsel failed to raise post trial motions on the trial court's hearsay determination; (4) counsel failed to raise post trial motions on the trial court's limitation of defense witness testimony; (5) counsel failed to raise post-trial motions on the inflammatory closing remarks of the district attorney.

■ ¶ 20 The standard of review for claims of ineffective assistance of counsel is well·settled. In order to prevail, appellant must demonstrate that the underlying claim is of arguable merit, that

counsel's actions had no reasonable basis designed to effectuate appellant's interests, and that counsel's actions prejudiced appellant. *See, e.g., Commonwealth v. Correa,* 444 Pa.Super. 621, 664 A.2d 607, 609 (1995). Counsel's effectiveness is presumed, so the burden of establishing ineffectiveness rests squarely with appellant. *Id.* Generalized ineffectiveness claims raised in a vacuum must be rejected. Appellant bears the burden of proving his allegation of ineffectiveness. *Commonwealth v. Baker,* 531 Pa. 541, 561, 614 A.2d 663, 673 (1992). Counsel cannot be found ineffective for failing to raise a meritless claim. *Id.*

### Failure to Object to Admission of Prior Bad Acts

 ¶ 21 At trial, the trial court permitted evidence of a temporary seven-day Protection From Abuse order which was received twelve years prior to the fire and another Protection From Abuse order received eight months after the fire. The admission into evidence of prior bad acts is within the sound discretion of the trial court, and we will reverse only upon a showing of an abuse of that discretion. *Commonwealth v. Miles,* 545 Pa. 500, 518, 681 A.2d 1295, 1304 (1996). Generally, evidence of prior bad acts or unrelated criminal behavior is inadmissible. *Commonwealth v. Story,* 476 Pa. 391, 400, 383 A.2d 155, 159 (1978). Evidence of prior bad acts, however, is admissible where it tends to establish malice, motive, or intent for the offense charged. *Commonwealth v. Jones,* 499 Pa. 522, 526, 454 A.2d 8, 10 (1982). Evidence concerning the relationship between the defendant and the victim may be relevant and admissible to prove ill will, malice, or motive. *Commonwealth v. Myers,* 530 Pa. 396, 399–400, 609 A.2d 162, 164 (1992). The evidence concerning the abuse of appellant's wife was admissible for the purpose of demonstrating appellant's ill will and malice towards his spouse and the motive for the arson. Thus, an objection to the admission of such evidence would be futile, and trial counsel was not ineffective for failing to object to the admission of the evidence.

### Failure to Call an Alibi Witness

 ¶ 22 Appellant next argues that trial counsel was ineffective for failing to call an alibi witness. He contends that these witnesses would have supported other testimony as to the timing of the fire and his whereabouts on that night. To obtain relief as to a missing witness claim, appellant must establish that (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witnesses where counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483, 485 (1987). Failure to call an alibi witness does not per se constitute ineffective assistance of counsel. *Commonwealth v. Wallace,* 347 Pa.Super. 248, 500 A.2d 816, 818 (1985). Once again, appellant makes a bald statement that counsel failed to call alibi witnesses, but he does not explain who these witnesses were, to what they would testify, and whether they were available and willing to testify at all. Thus, appellant has failed to sustain his burden of demonstrating ineffectiveness of counsel for failing to call alibi witnesses. Thus, his issue is waived.

### Failure to Raise Post Trial Motions on Trial Court's Hearsay Determination

 ¶ 23 At trial, Trooper Brian Craig, a fire marshall who investigated the fire at Sandra Lilliock's home, was called as a Commonwealth witness. During cross-examination, defense counsel attempted to show Trooper Craig's police report to the jury on the court presenter. The trial court did not allow the admission of the report on the ground that it was hearsay, but it allowed defense counsel to cross-examine Trooper Craig extensively

regarding the contents of the report. During deliberations, the jury requested that they review the police report. The trial court ruled that the police report had not been admitted into evidence and the jury would have to use their recollection of the cross-examination of Trooper Craig to remember the contents of the report. Appellant now claims that the court erred in not admitting the report into evidence, and counsel was ineffective for failing to raise this issue in a post-trial motion.

¶ 24 "There is no question that the police report, as an' out-of-court statement offered to prove the truth of the matters asserted therein, constitutes hearsay." *Jennings v. Dep't of Transportation*, 715 A.2d 552, 554 (Pa.Cmwlth.1998). Appellant contends that the report was admissible pursuant to the business record exception. *See* Pa.R.E. 803(6). Even if the report satisfied the elements of the exception, which the parties have failed to address with any specificity, we find that the exclusion of the report from evidence was harmless error.

■■■ ¶ 25 "Error is considered to be harmless where: (1) the error did not prejudice the defendant or the prejudice was *de minimus;* or (2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Commonwealth v. Foy*, 531 Pa. 322, 327, 612 A.2d 1349, 1352 (1992). Appellant had the opportunity to cross-examine Trooper Craig as to the contents of the report and illustrated for the jury the alleged inconsistencies in the report and Trooper Craig's testimony. Any prejudice to appellant was *de minimus.* Furthermore, given our review of the record, we find that the properly admitted evidence of appellant's guilt was so overwhelming that any prejudice caused

was comparatively insignificant. Therefore, counsel was not ineffective for failing to raise the issue in post-trial motions.

### Failure to Raise Post Trial Motions on Trial Court's Limitation of Defense Witness's Testimony

■■■ ¶ 26 Appellant next claims that the court erred in limiting the testimony of defense witness, Dan Miele, an insurance adjuster. During cross-examination of Sandra Lilliock, defense counsel questioned her concerning a statement that she made to her insurance adjuster several days after the fire. Appellant attempted to demonstrate that the fire financially benefited Mrs. Lilliock. Appellant argues that Dan Miele's testimony was necessary to establish that Mrs. Lilliock's statements at trial contradicted her statements made to the insurance adjuster. Appellant claims that if permitted to continue with his testimony, Mr. Miele would have testified that Mrs. Lilliock indicated that she did not intend to stay in the trailer.

■■■ ¶ 27 The trial court has broad powers with regard to the admission or exclusion of evidence. *Commonwealth v. Kunkle*, 424 Pa.Super. 499, 623 A.2d 336 (1993). "Admissibility depends on relevance and probative value." *Commonwealth v. Crews*, 536 Pa. 508, 523, 640 A.2d 395, 402 (1994). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." *Id.* (quoting *Commonwealth v. Spiewak*, 533 Pa. 1, 8, 617 A.2d 696, 699 (1992)). Once evidence is found to be relevant, it will be inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. *E.g., Commonwealth v. Foy*, 531 Pa. 322, 612 A.2d 1349 (1992). After a review of the transcript, we agree with the trial court that appellant failed to demonstrate that the victim financially benefited from the fire and, thus, any further questioning of Mr. Miele was irrele-

vant. Thus, counsel was not ineffective in raising this meritless claim in a post-trial motion.

### Failure to Raise Post Trial Motions on the Inflammatory Closing Remarks by the Prosecutor

¶ 28 Appellant claims that during closing arguments, the prosecutor made the following inflammatory remarks that prejudiced appellant: (1) the prosecutor centered his closing remarks around appellant's prior Protection From Abuse violations and his previous relationship with his wife; (2) the prosecutor elaborated as to why Jay Whitfield would be inclined to fabricate his testimony for appellant; and (3) the prosecutor made a remark about appellant's brother not attending the trial. We note that appellant has failed to cite to the record. Such omissions generally preclude review of this issue. *Commonwealth v. Rozanski*, 289 Pa.Super. 531, 433 A.2d 1382 (1981). Nevertheless, we shall address this issue.

¶ 29 The standard when reviewing challenges alleging prosecutorial misconduct is well established:

Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the grant of a new trial. Rather the focus is on what if any effects the comments had on the jury. A new trial is required when the effect of the District Attorney's comments "would be to prejudice the jury, forming in their minds fixed bias and hostility towards the defendant so that they could not weigh the evidence objectively and render a true verdict."

*Commonwealth v. Faulkner*, 528 Pa. 57, 595 A.2d 28, 39 (1991) (citations omitted). Further, whether comments are prejudicial towards the defendant is a decision entrusted to the trial court. *Id.*

¶ 30 Firstly, as discussed above, the evidence concerning the relationship of appellant and his spouse and the prior Protection From Abuse orders was relevant and was properly admitted. Thus, the prosecutor's comments during closing arguments were appropriate. Secondly, the prosecutor's remarks regarding the veracity of Jay Whitfield was a proper argument regarding the witness's credibility. Finally, we have reviewed the prosecutor's remark regarding the absence of appellant's brother from trial, and we find that, given appellant's closing argument, the remark was a proper statement and was not prejudicial to appellant. Thus, counsel was not ineffective for raising this meritless claim.

¶ 31 Accordingly, judgment of sentence is affirmed.

¶ 32 KELLY, J., Concurs in the Result.