J-A20003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL JACOB RUMBLE | |
| Appellant | No. 1421 WDA 2015 |

Appeal from the Judgment of Sentence August 19, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001299-2014

BEFORE: BOWES, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED DECEMBER 06, 2016**

Michael Jacob Rumble appeals from the judgment of sentence imposed following his convictions for driving under the influence. We affirm.

The trial court's Pa.R.A.P. 1925(a) opinion aptly sets forth the facts established by the Commonwealth.

> On April 13, 2014, Sergeant Pocsatko of the Southwest Regional Police Department was monitoring traffic in Point Marion, Fayette County, Pennsylvania. At approximately 2:30 in the morning, Sergeant Pocsatko observed a white Chevy Silverado, driven by Appellant, approach a stop sign at the end of the Greene County bridge. Appellant made his way to the stop sign, failed to stop, and made a right turn onto Main Street without using his turn signal. Appellant then made it to another stop sign; again he failed to stop, made a left turn, and did not use his turn signal. While the actual physical movements of the turn were proper, Sergeant Pocsatko observed Appellant's traffic violations. At that point, he initiated a traffic stop on Morgantown Street. Appellant used his turn signal, pulled over promptly, and parked parallel to the curb.

Sergeant Pocsatko approached the vehicle and noticed Appellant in the driver's seat along with a passenger sitting in the front seat of the car. Appellant already had his documents ready and handed them to Sergeant Pocsatko. Sergeant Pocsatko detected Appellant had a severe odor of alcohol and red glassy bloodshot eyes. He asked Appellant if he had been drinking and Appellant admitted to having a few beers. Sergeant Pocsatko also noticed an open case of Bud Light beer on the floor of the front passenger side containing some cans in it and an open can of Bud Light beer between the passenger's legs.

Appellant was asked to exit the vehicle to perform several field sobriety tests (FST). Appellant exited the vehicle without any trouble. Prior to starting the FST, Sergeant Pocsatko asked Appellant if he had any medical conditions or injuries that might prevent him from performing the tests, which Appellant answered in the negative. Appellant first performed the nine step walk and turn test after Sergeant Pocsatko explained and demonstrated the test to Appellant.

Sergeant Pocsatko determined Appellant failed this test by not walking heel to toe, he was off balanced, and he went past nine. Appellant then performed the one leg stand test. Sergeant Pocsatko again determined Appellant failed this test as he extended his arms to remain balanced, did not raise his heel six inches off the ground, and dropped his heel on a number of occasions. Based on his training and experience, Sergeant Pocsatko determined Appellant was incapable of safely operating a motor vehicle.

Appellant was escorted to Uniontown Hospital and at approximately 3:55 a.m., Billy Jo Cable, the phlebotomist on shift, drew his blood. Ms. Cable sealed the vials containing the blood and gave the blood kit to Sergeant Pocsatko. Sergeant Pocsatko secured the blood kit in a locked refrigerator at the Belle Vernon Station. Steven Schwartz, a Lieutenant of Investigations with the Southwest Regional Police Department, handled the evidence once Sergeant Pocsatko secured it in the refrigerator. Three days later, on April 16, 2014, Lieutenant Schwartz transported the blood kit from the Belle Vernon Station to the Greensburg Crime Lab for testing.

The blood kit was received at the Greensburg Crime Lab and tested by Robert Elsavage. Mr. Elsavage tested the blood using a gas chromatograph. He concluded, within a reasonable degree of scientific certainty, that Appellant's blood alcohol concentration (BAC) was 0.223 percent plus or minus .010 percent and that the analysis was done in accordance with the ASCLD Lab International accreditations and policies.

. . . .

Appellant offered his own expert, Janine S. Arvizu, who testified at trial. Ms. Arvizu was recognized as an expert in the field of analytical chemistry, lab quality control, quality care auditor, and BAC testing. Ms. Arvizu testified that Ms. Cable erred in disinfecting the area where Appellant's blood was drawn and erred when inverting the blood once it entered the vial. Ms. Arvizu also testified that the transportation of the blood from the Southwest Regional Police - Department to the Greensburg Crime Lab in an unrefrigerated condition may have compromised the integrity of the blood sample. Finally, Ms. Arvizu testified that Mr. Elsavage made several errors and did not take corrective actions. Specifically, Ms. Arvizu testified that Mr. Elsavage's testing did not comply with his validated methodology, some of the quality control samples used were not purchased from an accredited source, and Mr. Elsavage failed to use the same pipette when analyzing Appellant's blood. Ms. Arvizu thus concluded, within a reasonable degree of scientific certainty, that the data provided by the Commonwealth did not prove valid test results. At no time however did Ms. Arvizu offer an opinion on how or to what extent these alleged errors impacted the BAC results obtained by Mr. Elsavage.

Trial Court Opinion, 11/19/15, at 2-6 (footnotes and citations to transcript omitted).

For these crimes, Appellant was charged with two counts of driving under the influence and two summary traffic offenses. Appellant proceeded to a trial by jury, which returned guilty verdicts at all counts. On August 19, 2015, the trial court imposed a sentence of four to twenty-three months

incarceration. Appellant timely appealed, the trial court and Appellant complied with Pa.R.A.P. 1925(b), and the matter is now ready for review. Appellant sets forth two issues for our consideration.

> 1) Whether the Court was correct in denying Trial Counsel's Motion *in Limine* to preclude testimony that the Appellant's passenger had a partially opened case of beer in the passenger side of Appellant's vehicle and that the passenger was holding an open beer can.
>
> 2) Whether the trial evidence was sufficient to meet the criteria to convict the Appellant on all counts.

Appellant's brief at 8.

We elect to address the sufficiency claim first, as a successful challenge on those grounds warrants discharge rather than a retrial.[1] ***Commonwealth v. Stokes***, 38 A.3d 846 (Pa.Super. 2011). Our standard of review is well-settled.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its

_____

[1] While Appellant's statement of questions challenges all verdicts, the brief confines its argument to the general impairment verdict. Accordingly, we address only that conviction. ***Commonwealth v. B.D.G.***, 959 A.2d 362, 371 (Pa.Super. 2008) ("In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. This Court is neither obliged, nor even particularly equipped, to develop an argument for a party.") (citations omitted).

burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Woodard*, 129 A.3d 480, 489–90 (Pa. 2015) (citations omitted). "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Tejada*, 107 A.3d 788, 722 (Pa.Super. 2015). To sustain a conviction for a general impairment charge, the Commonwealth must establish that "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

The trial court deemed this issue waived, as Appellant's concise statement simply stated "[Appellant] argues that the trial evidence did not meet the standards for sufficiency to convict [Appellant]." Concise Statement, 10/8/15, at unnumbered 3. *See* Trial Court Opinion, 11/19/15, at 9 (citing *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013) in support of waiver).

As we stated in *Garland*, to preserve a challenge to the sufficiency of the evidence on appeal the concise statement "must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Id*. at 344. Appellant's boilerplate statement did not

specify any particular charges, let alone the elements at issue. Therefore, we could easily find that the issue is waived.

However, since the claim presents a question of law, we will address it. Appellant claims that the Commonwealth failed to establish he was incapable of safe driving. Appellant's brief at 16. He highlights the Commonwealth's evidence that the officer observed Appellant performing a left hand turn without incident, drove in a straight line, did not weave, immediately stopped his vehicle, and handed documents over without issue. *Id*. at 17.

However, this argument fails to appreciate the contrary evidence establishing that Appellant "[d]id not stop whatsoever" for two stop signs. *Id*. at 22. Additionally, the officer testified to Appellant's performance on field sobriety tests and offered his opinion that Appellant was incapable of safely operating the motor vehicle. *Id*. at 28. Moreover, the Commonwealth's expert gave an opinion to a reasonable degree of scientific certainty that Appellant's BAC within two hours of driving was between .213 and .233. *Id*. at 109. The jury could consider that testimony in determining whether Appellant was impaired at the time of driving. "Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving." *Segida*, *supra* at 879. It was properly left to the jury to weigh all of this evidence, including the competing evidence of Appellant's driving. "The weight to be assigned these various types of evidence

presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony." *Id*. Thus, we hold that the evidence, when viewed in the light most favorable to the Commonwealth as the prevailing party, supports the conviction. Accordingly, this issue does not warrant relief.

Appellant's remaining issue challenges the admission of evidence establishing the presence of beer in Appellant's vehicle. The pertinent facts are as follows. Sergeant Pocsatko testified that, when he approached the vehicle, Appellant's passenger was attempting to conceal an open can of beer. N.T. Jury Trial, 8/5-6/15, at 24. The officer observed a partially-full case of beer on the passenger side floor. *Id*. He confirmed that he did not observe Appellant hand the passenger any objects, and that no cans were found on the driver's side of the vehicle. *Id*. at 39-40. Appellant moved to preclude this evidence. *Id*. at 5. The trial court opined that the evidence was relevant and was not inflammatory. Trial Court Opinion, 11/19/15, at 7.

Appellant attacks the admission of this evidence on two bases. First, he asserts the beer was irrelevant to his own intoxication, as all evidence elicited by the Commonwealth connected the beer solely to the passenger. Alternatively, Appellant contends the evidence was prejudicial in that testimony regarding the passenger's intoxication and possession of alcohol influenced the jury against him.

Our standard of review applied to evidentiary rulings is well-settled.

> The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

**Commonwealth v. Mickel**, 142 A.3d 870, 874 (Pa.Super. 2016).

It is, of course, a fundamental principle that evidence must be relevant to be admissible. "The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant." **Commonwealth v. Cox**, 115 A.3d 333, 339 (Pa.Super. 2015) (*en banc*) (citing **Commonwealth v. Freidl**, 834 A.2d 638 (Pa.Super. 2003)). Irrelevant evidence is inadmissible. Pa.R.E. 402. The Rules of Evidence require that evidence must satisfy two prerequisites. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Pa.R.E. 401. Herein, Appellant maintains that the evidence failed both conditions.

We disagree. Appellant was charged and convicted of two DUI crimes. The first, commonly referred to as general impairment DUI, states that an individual "may not drive . . . a vehicle after imbibing a sufficient amount of alcohol such that the individual is incapable of safely driving . . . the vehicle." 75 Pa.C.S. § 3802(a)(1). The second DUI count charged Appellant with violating 75 Pa.C.S. § 3802(c), which prohibits a person from driving,

operating, or being in physical control of a vehicle "after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated, or been in actual physical control of the movement of the vehicle."

In contrast to § 3802(a)(1), proof of the § 3802(c) offense does not require the Commonwealth to establish impairment. We have recognized that the relevance of evidence in DUI prosecutions depends on the theories alleged. The seminal case is **Commonwealth v. Kemble**, 605 A.2d 1240 (Pa.Super. 1992), in which we reversed a conviction for driving at a particular BAC level. Therein, the Commonwealth, which did not charge a general impairment offense, presented the arresting officer's observations that the driver had difficulty driving, staggered when exiting her vehicle, possessed an odor of alcohol, and failed sobriety tests. **Id**. at 1241. We held that evidence was irrelevant since the only material fact was whether the driver's BAC was at or above the specified level.

> [T]he only relevant evidence that would prove the fact that a defendant violated [the specific BAC charge] would relate to the existence of an intoxilyzer test, the results of the test, the reliability of the intoxilyzer machine, the qualifications of the person who administered the test, the procedures utilized in conducting the test and the methods employed in arriving at the test results. In contrast, in a [general impairment] prosecution the Commonwealth may introduce evidence regarding a defendant's behavior prior to her arrest and/or during or subsequent to her arrest; the Commonwealth may introduce evidence regarding the number of alcoholic drinks consumed by

a defendant, her illegal or erratic driving behavior, her apparent "state of mind" at the time in issue, the existence of an odor of alcohol emanating from a defendant, the fact that her eyes were bloodshot and the fact that she "sway[ed] and sagg[ed]" subsequent to her exit from her automobile. ***Commonwealth v. Gonzalez***, 519 Pa. 116, 546 A.2d 26 (1988).

*Id*. at 1242 (footnote omitted). ***See also Freidl***, ***supra*** (applying ***Kemble*** and holding that a defendant could not introduce videotape evidence of his field sobriety tests as the Commonwealth did not charge general impairment).

In light of the foregoing, we now turn to the application of Pa.R.E. 401 to the evidence. If Appellant was drinking alcohol while driving, that fact is of consequence to the general impairment charge. Therefore, the question is whether the challenged evidence makes that fact more probable. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." ***Commonwealth v. Loughnane***, 128 A.3d 806, 818 (Pa.Super. 2015) (quoting ***Commonwealth v. Fransen***, 42 A.3d 1100, 1106 (Pa.Super. 2012)).

The evidence at issue supported a reasonable inference that Appellant drank alcohol while driving. That Sergeant Pocsatko did not observe any direct signs of Appellant passing the can to the passenger does not negate the possibility that Appellant drank from the open container at some point

prior to police observation. Additionally, Appellant could have consumed beer from the partially-full case on the floor and discarded the cans while driving. An open alcohol container in a vehicle and a partially-consumed case of beer tend to establish that Appellant was drinking alcohol while driving. The open container's proximity to the passenger might lessen that probability, but does not eliminate it. Appellant emphasizes that the beer cans were on the passenger's floor, but that fact does not preclude Appellant's access to the open container or the used alcohol from the case of beer in the vehicle. Indeed, our law holds that two persons may constructively possess the same item. *See e.g. Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992) ("Constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access.").

Furthermore, the general impairment DUI charge "is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." *Commonwealth v. Kerry*, 906 A.2d 1237, 1241 (Pa.Super. 2006); *see also* 75 Pa.C.S. § 1547(f) (provisions of statute regarding chemical testing of blood "shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of alcohol."). Therefore, the presence

of alcohol in a vehicle driven by Appellant was relevant to the general impairment charge.

Having established the evidence was relevant we next consider Appellant's argument that the evidence should have been excluded as prejudicial.

> The presence of alcohol and open containers of alcohol in the Appellant's vehicle, even though not in his possession, did create unfair prejudice in the eyes of the jury against [Appellant]. Knowledge of alcohol in the presence of the [a]ppellant in his vehicle led to an unfair prejudice against the [a]ppellant that he was drinking and this led to a conviction despite arguments against his guilt. Said testimony biased the jury and led them towards conviction despite evidence to the contrary. Moreover, said evidence did confuse the jury by bringing up issues that had no connection to the [a]ppellant and may have mislead [sic] the jury into believing that the alcohol was the [a]ppellant[`]s and not his passenger[`]s.

Appellant's brief at 14. Our Supreme Court has set forth the following test for excluding otherwise admissible evidence on prejudice grounds.

> The admissibility of evidence is determined by its relevance and probative value. **Commonwealth v. Lilliock**, 740 A.2d 237, 244 (Pa.Super.1999). Relevant and probative evidence is inadmissible if its probative value is outweighed by unfair prejudice. **Commonwealth v. Crews**, 536 Pa. 508, 640 A.2d 395, 402 (1994). This Court has previously stated that all evidence in a criminal proceeding is prejudicial to the defendant, **Commonwealth v. Kitchen**, 730 A.2d 513, 519 (Pa.Super.1999), and that relevant evidence is to be excluded only when it is "so prejudicial that it may inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." **Id.** (citations omitted).

**Commonwealth v. Colon**, 846 A.2d 747, 753 (Pa.Super. 2004).

We find that the evidence was not so prejudicial as to bar its admission under these principles. Since Appellant admitted to drinking and the officer testified to physical indicia of intoxication, the present situation is not one wherein the beer was the only evidence of intoxication. Therefore, the trial court did not abuse its discretion in admitting the evidence.

Furthermore, we would deem any error in admitting the evidence harmless. Our Supreme Court has explained that an error is harmless "if it could not have contributed to the verdict, or stated conversely, an error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction." **Commonwealth v. Poplawski**, 130 A.3d 697, 716 (Pa. 2015). While the Commonwealth does not argue this point, our Supreme Court has held that its failure to do so does not preclude a harmless error analysis. **Commonwealth v. Allshouse**, 36 A.3d 163, 182 (Pa. 2012).

Herein, we are satisfied that there is no reasonable possibility that the evidence contributed to the conviction. The Commonwealth established that Appellant admitted to the officer that he had consumed a few beers. N.T., 8/5-6/15, at 24. Additionally, the officer testified to physical indicia of Appellant's intoxication. **Id**. at 24-25. Therefore, the evidence was cumulative of other evidence. Additionally, the officer agreed on cross-examination that the facts "show it's the passenger holding a beer can." **Id**. at 40. Finally, Appellant's BAC was at least .213, which is nearly three times

the legal limit. Thus, the challenged evidence, which was not directly linked to Appellant in any manner, "was so insignificant by comparison that the error could not have contributed to the verdict." ***Commonwealth v. Hairston***, 84 A.3d 657, 672 (Pa. 2014).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2016