J-A14037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDERICK SANDERS, | |
| Appellant | No. 3517 EDA 2015 |

Appeal from the Judgment of Sentence October 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001071-2015

BEFORE:  BENDER, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 18, 2017**

Appellant, Frederick Sanders, appeals from the judgment of sentence entered following his convictions of simple possession of a controlled substance and possession of a controlled substance with intent to deliver.[1] We affirm.

The trial court summarized the underlying facts of this case as follows:

> Officer Don Vandermay [of the Philadelphia Police Department] testified at trial that during his tour of duty on January 16, 2015, at approximately 5:45 p.m., he was patrolling the area of 500 East Cambria Street, in full uniform and in an unmarked patrol car.  While he was driving, he observed [Appellant] and an unidentified black male walking eastbound on Cambria St.  He saw the arm of the unidentified male extended in front of him and holding an unknown amount of United States currency.  At this point Officer Vandermay heard yelling from

---

[1] 35 P.S. §§ 780-113(a)(16) and (30).

behind the patrol vehicle and observed [Appellant] discard a black object. Officer Vandermay testified that he was about 15 feet from [Appellant] when he dropped the object. The unidentified male was not stopped. Officer Vandermay and his partner Officer Walsh exited the patrol vehicle. Officer Walsh stopped [Appellant] while Officer Vandermay went to look for the discarded object. The officer recovered a black key holder containing a bundle of 10 packets of heroin. While waiting with [Appellant] for his partner to complete the necessary paperwork, Officer Vandermay saw an unidentified white male approach the police vehicle and say "Yo, Black, do you have anything left?" The unidentified male quickly turned away and left the area.

Trial Court Opinion, 5/13/16, at 1-2.

Appellant was charged with simple possession of a controlled substance and possession with intent to deliver. On July 29, 2015, at the conclusion of a nonjury trial, Appellant was convicted of both crimes. Appellant filed a post-trial motion for extraordinary relief on October 20, 2015, which the trial court denied on October 21, 2015. Also on October 21, 2015, the trial court sentenced Appellant to serve a term of incarceration of two to four years, to be followed by five years of probation for the conviction of possession with intent to deliver. No further penalty was imposed for the conviction of simple possession. Appellant filed a timely post-sentence motion for reconsideration of sentence, which the trial court denied on November 10, 2015. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Was not the evidence insufficient to sustain [A]ppellant's conviction for possession with the intent to deliver a controlled

substance, insofar as there was insufficient evidence that there was any intent to deliver?

2. Did not the trial court err in admitting inadmissible hearsay evidence from the Commonwealth at [A]ppellant's trial?

Appellant's Brief at 4.

Appellant first argues that the Commonwealth failed to present sufficient evidence to support his conviction of possession with intent to deliver. Appellant's Brief at 9-16. Essentially, Appellant contends the Commonwealth failed to establish that Appellant intended to deliver the heroin. Appellant alleges that the evidence against him was circumstantial and speculative.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting *Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

In order to uphold a conviction for possession of narcotics with the intent to deliver pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en banc*). The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. *Commonwealth v. Conaway*, 791 A.2d 359, 362-363 (Pa. Super. 2002). Factors that may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant. *Aguado*, 760 A.2d at 1185. Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence - that is, that a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

In addressing Appellant's challenge to the sufficiency of the evidence to sustain the guilty verdict, the trial court offered the following analysis:

> Officer Vandermay saw an unidentified male walking with [Appellant]. The unidentified male had money in his extended

hand. Upon hearing a shout from an unknown and unseen individual, the two men separated and [Appellant] discarded a black object. Officer Vandermay observed the abandonment of the object from approximately 10-15 feet. He then immediately found and recovered a key holder containing heroin in the same area where [Appellant] had discarded his object. These fact[s] and circumstances were sufficient to establish an aborted sale and that [Appellant] was the seller. The unidentified male was extending the money outward, a signal that he was giving money, not receiving it. The fact that the heroin was secreted in a key holder also suggests that the heroin had yet to be sold and therefore [Appellant] was the seller. There is nothing in this scenario to suggest that [Appellant] was a buyer. Indeed, no paraphernalia was recovered from him. Therefore, the evidence was sufficient to establish possession with the intent to deliver beyond a reasonable doubt.

Trial Court Opinion, 5/13/16, at 3.

Upon thorough review of the certified record, we agree that the circumstantial evidence was sufficient for the trial court, sitting as the finder of fact, to conclude beyond a reasonable doubt that Appellant possessed a controlled substance with the intent to deliver. Accordingly, the evidence is sufficient to prove that Appellant committed the crime of possession with intent to deliver. Therefore, Appellant's contrary argument lacks merit.

Appellant next argues that the trial court erred in admitting inadmissible hearsay evidence at trial. Appellant's Brief at 16-20. Appellant asserts that the statement: "Yo Black, do you have anything left?," made by an unidentified person, while Appellant was under arrest, constituted inadmissible hearsay that should not have been admitted and was not harmless error.

It is well settled that "[t]he admission of evidence is within the sound discretion of the trial court, and will be reversed on appeal only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Miles*, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*) (citing *Commonwealth v. Lilliock*, 740 A.2d 237 (Pa. Super. 1999)). Abuse of discretion requires a finding of misapplication of the law, a failure to apply the law, or judgment by the trial court that exhibits bias, ill-will, prejudice, partiality, or was manifestly unreasonable, as reflected by the record. *Commonwealth v. Montalvo*, 986 A.2d 84, 94 (Pa. 2009).

Hearsay has been defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). *Commonwealth v. Smith*, 586 A.2d 957, 963 (Pa. Super. 1991). Hearsay testimony is not admissible in this Commonwealth, except as provided in the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 802. "The rationale for the hearsay rule is that hearsay is too untrustworthy to be considered by the trier of fact." *Commonwealth v. Bean*, 677 A.2d 842, 844 (Pa. Super. 1996).

Assuming, for the sake of argument, that the unidentified person's statement was improperly admitted hearsay evidence, we conclude that Appellant is not entitled to relief. We have often stated that "where a criminal case proceeds before a judge sitting without a jury, there is a

presumption that his knowledge, experience and training will enable him to disregard inadmissible evidence and other improper elements." ***Commonwealth v. Lambert***, 765 A.2d 306, 362 (Pa. Super. 2000). ***See also Commonwealth v. Miller***, 627 A.2d 741, 749 (Pa. Super. 1993) (stating that "when the court is sitting as fact-finder, it is presumed that inadmissible evidence is disregarded and that only relevant and competent evidence is considered").

Our independent review of the record reflects that Appellant waived his right to a jury trial and chose to be tried by the Honorable Abbe F. Fletman. Thus, we are to presume that the trial judge considered only competent and relevant evidence presented and disregarded any inadmissible evidence presented by the Commonwealth. Furthermore, this conclusion is supported by the written statement of the trial judge. In her opinion authored pursuant to Pa.R.A.P. 1925(a), Judge Fletman addressed Appellant's contention that she improperly considered the statement from the unknown individual. The trial court discounted Appellant's allegations with the following thorough discussion:

> [Appellant] argues that the trial court abused its discretion by failing to exclude the hearsay testimony by Officer Vandermay. Review of a trial court's evidentiary ruling is limited to clear abuse of discretion. ***Com. v. King***, 959 A.2d 405, 411 (Pa. Super. 2008). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Id***. (citing ***Com. v. Hunzer***, 868 A.2d 498 (Pa. Super. 2005)).

The statements by the unknown male constitute hearsay and there is no applicable exception. The court's admission of this statement, however, constitutes harmless error. "Harmless error exists where ... the error did not prejudice the defendant or the prejudice was *de minimis* ...." **Com. v. Robinson**, 721 A.2d 344, 350 (Pa. 1999). Defense counsel failed to object until Officer Vandermay already had uttered the entire statement. At this point, the fact-finder, in this case the Court, had already heard the statement. **The statement was also of little value and had no bearing on the outcome of the case.** "[J]urists are human and therefore subject to the failings of human nature. However, their training and experience in assessing the competency and the relevance of proffered evidence equips them to be more critical and judicious in their evaluation." **Com. v. Harvey**, 526 A.2d 330, 333 (Pa. 1987). **In this case, the fact-finder would have to make the inference that this unknown individual walked up to [Appellant], and a uniformed police officer, and inquired as to whether [Appellant] had any drugs left because he was a known drug dealer. While a jury may be willing to make this logical leap, the Court did not. The Court based its finding entirely on Officer Vandermay's observations of [Appellant], the unidentified male, and the physical evidence recovered.** Therefore, the prejudice to [Appellant] was *de minimis* and the Court's admission of the statement constituted harmless error.

Trial Court Opinion, 5/13/16, at 5-6 (emphases added). Therefore, Appellant's assertion that the evidence was improperly considered by the trial court lacks merit.

Judgment of sentence affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017