J-S62017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS FOY | |
| Appellant | No. 355 WDA 2015 |

Appeal from the PCRA Order January 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010528-1987
CP-02-CR-0010548-1987
CP-02-CR-0010549-1087

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 22, 2015**

Dennis Foy appeals *pro se* from an order dismissing his petition seeking relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

Between February and August of 1987, Foy broke into the homes of four elderly women and raped each woman in her bed. At the beginning of each attack, Foy covered the victim's head with a blanket and tied her hands and feet.

On April 5, 1988, a jury found Foy guilty of multiple counts of rape and burglary and one count of involuntary deviate sexual intercourse at the

_____

[*] Retired Senior Judge assigned to the Superior Court.

1

above caption numbers. On January 3, 1989, the trial court sentenced Foy to an aggregate sentence of 100-200 years' imprisonment. Foy filed a motion for reconsideration of sentence, which the court denied. Foy filed a timely appeal, and this Court affirmed his judgment of sentence. *Commonwealth v. Foy*, 576 A.2d 366 (Pa.Super.1990). The Supreme Court granted Foy's petition for allowance of appeal but subsequently affirmed his judgment of sentence. *Commonwealth v. Foy*, 612 A.2d 1349 (Pa.1992).

In 1994, Foy filed a PCRA petition, which he subsequently amended twice through counsel. On December 10, 2007, the PCRA court denied PCRA relief. Foy filed a timely appeal. On May 27, 2010, this Court affirmed at 173 WDA 2008. The Supreme Court denied Foy's petition for allowance of appeal.

In 2012, Foy filed another PCRA petition, which the PCRA court dismissed without a hearing later that year. Foy did not appeal.

On October 21, 2014, Foy filed his third PCRA petition, the petition presently in question, claiming that his sentence exceeded the lawful maximum under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (en banc).[1] On

_____

[1] *Alleyne* held that under the Sixth Amendment, any fact that increases a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *Id*., 133 S.Ct. at 2155. In *Newman*, this
*(Footnote Continued Next Page)*

November 14, 2014, the PCRA court issued a notice of intent to dismiss Foy's petition without a hearing.[2] On January 22, 2015, the PCRA court entered an order dismissing the petition. On February 19, 2015, Foy mailed a timely notice of appeal.[3] Both Foy and the PCRA court complied with Pa.R.A.P. 1925.

Foy raises one issue in this appeal:

Whether the [PCRA] court conferred subject matter jurisdiction to entertain and reach merits review of the claims advanced therein under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. [T]he [PCRA] court erred in failing to grant relief where [Foy's] state and federal constitutional rights to a fundamentally fair sentencing hearing and to due process of law were violated when the trial judge failed to articulate legally

_(Footnote Continued)_ ─────────────

Court held that 42 Pa.C.S. § 9712.1, which requires a mandatory minimum sentence for certain drug offenses committed with firearms, is unconstitutional under **Alleyne**. **Id**., 99 A.3d at 99, 103.

[2] The PCRA court did not appoint counsel to represent Foy. In a second or subsequent PCRA petition, the court must appoint counsel when the petitioner satisfies the court that he is unable to afford or procure counsel and an evidentiary hearing is necessary to resolve the issue(s) in his petition. Pa.R.Crim.P. 904(D). The court must also appoint counsel when the interests of justice require it. Pa.R.Crim.P. 904(E). For the reasons given below, Foy does not satisfy Rule 904(D) or (E), so he was not entitled to counsel during proceedings on this petition.

[3] The record reflects that on February 19, 2015, Foy handed his notice of appeal to prison officials for mailing. Under the prisoner mailbox rule, a _pro se_ notice of appeal from the denial of PCRA relief is deemed filed when the petitioner hands the notice to prison officials. **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 n. 3 (Pa.Super.2011).

sufficient reasons for the imposition of minimum and maximum sentences that were as severe as the law permitted and for all the sentences to be served consecutively rather than concurrently: [Foy's] due process rights were violated when the trial judge used factors, (other than a prior conviction), to justify his rationale for the severity of the minimum and maximum sentences the court imposed in violation of appellant's due process and fundamental fairness rights.

Brief for Appellant, at 4.

Our standard of review is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard****,* 55 A.3d 1177, 1183–84 (Pa.Super.2012) (some citations and footnote omitted).

Before addressing the merits of Wright's claims, we must first consider the timeliness of his PCRA petition, because it implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id***. To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar[.]"

*Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa.Super.2014).

A facially untimely petition may be received, however, where any of the PCRA's three limited exceptions to the PCRA time bar are met. *Hernandez*, 79 A.3d at 651. These exceptions include:

> i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008).

Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652.

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong prima facie showing that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). In a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Foy's judgment of sentence became final on December 17, 1992, the deadline for appealing to the United States Supreme Court from the Pennsylvania Supreme Court's decision in his direct appeal. His present PCRA petition, filed almost 22 years after his judgment of sentence became final, is facially untimely. Thus, Foy must plead and prove that his petition falls under one of the exceptions to the one year statute of limitations within section 9545(b)(1)(i)-(iii). He fails to meet this burden. He does not plead or prove that government interference prevented him from filing a timely PCRA petition. He claims that *Alleyne* and *Newman* constitute "newly discovered facts" under section 9545(b)(1)(ii), but our Supreme Court has held that decisional law cannot constitute "newly discovered evidence" for purposes of this subsection. *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa.2011). Nor does Foy satisfy subsection 9545(b)(1)(iii), because *Alleyne* and its progeny do not apply retroactively to cases on postconviction review. *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super.2015).

Therefore, the PCRA court properly dismissed Foy's third PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2015</u>