J-S31019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KAINE A. FOWLER | |
| Appellant | No. 1389 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 5, 2018
In the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0000872-2017

BEFORE:  OLSON, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED  AUGUST 27, 2019**

Appellant Kaine A. Fowler appeals from the September 5, 2018 judgment of sentence entered in the Court of Common Pleas of Mercer County ("trial court"), following his jury conviction for first-degree murder.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, following a recorded, wiretapped confession to Dustin Socci, a jailhouse informant, Appellant was charged with first-degree murder in connection with the June 19, 2016 shooting death of Troy Hall (the "victim") in Sharon, Pennsylvania.  On August 20, 2018, prior to the commencement of trial, Appellant's counsel made an oral motion *in limine* seeking to preclude, under Pa.R.E. 404(b), the Commonwealth from introducing into evidence any

_____

[1] 18 Pa.C.S.A. § 2502(a).

reference to Appellant's "prior bad acts" as detailed in the wiretap recording of his conversation with the jailhouse informant. N.T. Hearing, 8/20/18, at 3. The trial court denied the motion *in limine*, noting it would provide a cautionary instruction to the jury. *Id.* at 5-6. The case proceeded to trial, at the start of which the trial court instructed the jurors to disregard any references to Appellant's "bad acts from his past." N.T. Trial, 8/21/18, at 7-8. The trial court explained "the Commonwealth is not introducing this evidence as evidence of [Appellant's] character. In fact, you may not consider any of this evidence as proof of [Appellant's] character or his credibility." *Id.* at 7. In addition to the multitude of witnesses, the Commonwealth called to the stand Mr. Socci, the jailhouse informant to whom Appellant confessed. During Mr. Socci's testimony, the Commonwealth played for the jury the wiretap recording of Mr. Socci's conversation with Appellant. *See* N.T. Trial, 8/22/18, at 78.

Following the Commonwealth's case in chief and based on the testimony of several witnesses who observed Appellant drinking alcohol on the night of the murder, Appellant made an oral motion to amend the criminal information to include a count for third-degree murder and sought an instruction on voluntary intoxication vis-à-vis third-degree murder. N.T. Trial, 8/23/18, at 58-60. The trial court granted the motion to amend. *Id.* at 60.

Appellant did not offer any witness testimony. Instead, at the close of evidence, Appellant orally moved for judgment of acquittal, which the trial court denied. N.T. Trial, 8/24/18, at 9. The jury ultimately found Appellant

guilty of first-degree murder, but did not return a verdict on the third-degree murder charge. On September 5, 2018, the trial court sentenced Appellant to life imprisonment without the possibility of parole. Appellant did not file any post-sentence motions. On September 26, 2018, Appellant appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising the following two assertions of error:

[I.] That the trial court abused its discretion by denying [Appellant's] motion *in limine* regarding the introduction of evidence of prior bad acts in the form of wiretap recordings and such evidence was more prejudicial than probative.

[II.] That the evidence introduced at trial was sufficient to establish a voluntary intoxication defense negating the intent element for first degree murder and, therefore, [Appellant] could only be found guilty of third degree murder.

Rule 1925(b) Statement, 10/18/18, at ¶¶ 1-2 (unnecessary capitalization omitted). In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's issues did not merit relief. With respect to Appellant's first assertion of error, the trial court observed:

Without [Appellant] specifically referencing which bad acts were more prejudicial than probative, [the trial court] has reviewed the transcript of the wiretap in order to ascertain what [Appellant] considers to be prior bad acts. The first bad act pertains to [Appellant] having sexual relations with women in front of [the victim]. This bad act is admissible to prove motive. It is more probative than prejudicial because, according to [Appellant], [the victim] was very insecure about women, and he frequently complained to [Appellant] about his inability to find an intimate partner. Essentially, by having sex in front of [the victim], [Appellant] was taunting [the victim] with his sexual prowess.

When this was no longer amusing to [Appellant], he became "irked" at [the victim].

The second bad act involves an incident that occurred between [Appellant] and [the victim]. Although the incident did not become a physical altercation, [Appellant] did challenge [the victim] to come outside and fight. According to [Appellant], the incident occurred because [the victim] "ran his mouth." [The victim] refused to engage [Appellant] in a fight. According to [Appellant], [the victim] cried instead. [Appellant] went on at length about what he would have done to [the victim] had the fight become physical. This prior bad act is admissible to prove intent. It is more probative than prejudicial because it demonstrates [Appellant's] willingness [to] use violence on [the victim] when [the victim] "irked" him.

Trial Court Opinion, 1/2/19, at 1-2 (record citations and unnecessary capitalization omitted). Addressing Appellant's second issue regarding voluntary intoxication, the trial court concluded that "[a]lthough there was evidence of [Appellant] drinking during the night of the murder, there was absolutely no evidence that his alcohol consumption overwhelmed or impaired him to the point of losing his faculties or sensibilities." *Id.* at 2.

On appeal, Appellant repeats the same two issues for our review, which we shall address *seriatim*.

It is well-settled that a trial court's grant or denial of a motion *in limine* is subject to an abuse of discretion standard of review. *See Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009) ("The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion."). "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or

misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." ***Commonwealth v. Antidormi***, 84 A.3d 736, 745 (Pa. Super. 2014) (citation omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014); ***accord Commonwealth v. Trinidad***, 96 A.3d 1031, 1036 (Pa. Super. 2014). Similar to other pretrial motions, such as suppression,[2] when an appellant challenges the grant or denial of a motion *in limine*, our scope of review is limited to the relevant pretrial hearing transcripts. ***See In re Interests of L.J.***, 79 A.3d 1073, 1088-89 (Pa. 2013) (noting that our scope of review is limited to the evidence presented at the pretrial hearing). Moreover, generally "it is inappropriate to consider trial evidence as a matter of course, because it is simply not part of the [pretrial] record, absent a finding that such evidence was unavailable during the [pretrial] hearing." ***Id.*** at 1085.

Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact. ***Commonwealth v. Spiewak***, 617 A.2d 696, 699 (Pa. 1992). Once evidence is found to be relevant and probative, it is inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. ***Commonwealth v. Lilliock***, 740 A.2d 237, 244 (Pa. Super.

---

[2] In ***Commonwealth v. Gordon***, 673 A.2d 866 (Pa. 1996), our Supreme Court noted that "[t]here is no essential difference between suppression rulings and rulings on motions *in limine* to admit or exclude evidence." ***Gordon***, 673 A.2d at 868.

1999) (citing **Commonwealth v. Foy**, 612 A.2d 1349 (Pa. 1992), **appeal denied**, 795 A.2d 972 (Pa. 2000)).

Rule 404(b), relating to character evidence, crimes and other acts, provides in relevant part:

> *(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> *(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> *(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(1), (2), and (3). In addition, other crimes evidence is admissible "where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." **Commonwealth v. Green**, 76 A.3d 575, 583 (Pa. Super. 2014). When offered for one of these legitimate purposes, prior bad act evidence is admissible if its probative value outweighs its potential for "unfair prejudice." **Commonwealth v. Hairston**, 84 A.3d 657 (Pa. 2014); **see also** Pa.R.E. 404(b)(3). Unfair prejudice means "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." **Commonwealth v. Tyson**, 119 A.3d 353, 360

(Pa. Super. 2015) (*en banc*). The court "is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." *Id.* Moreover, a cautionary instruction can ameliorate the prejudicial effect of the proffered evidence, because jurors are presumed to follow the court's instructions. *Id.*

Appellant argues that the trial court abused its discretion in denying his motion *in limine* seeking to prevent the Commonwealth from introducing evidence of his prior bad acts as contained in the wiretap recording because such evidence is irrelevant. *See* Appellant's Brief at 15.

At the outset, we agree with the trial court's observation that Appellant has failed to identify, at any point before the trial court, any specific bad acts that he sought to exclude from the wiretap recording. *See* Trial Court Opinion, 1/2/19, at 1 (Appellant did not specifically reference "which bad acts were more prejudicial than probative"). To the extent Appellant identifies any specific bad acts, he does so for the first time on appeal by incorporating and adopting the two instances that the trial court managed to decipher from the wiretap transcript: one relating to Appellant having sexual relations in front of the victim and the other relating Appellant's invitation to the victim to fight

Appellant.  Although we could dismiss Appellant's first issue based on waiver,[3]

we decline to do so.

_____

[3] Rule 1925 requires an appellant to comply with a trial court's order to file a statement of errors complained of on appeal; any issues not raised in such statement will be deemed waived. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998).  Rule 1925 expressly provides that "[t]he Statement shall concisely identify *each ruling or error* that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."  Pa.R.A.P. 1925(b)(4)(ii) (emphasis added).  This Court has emphasized that "[w]hen the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review."  **Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*) (citation omitted); **see Commonwealth v. Williams**, 959 A.2d 1252 (Pa. Super. 2008) (finding the appellant waived his challenge to the trial court's denial of his request to suppress evidence obtained in the search of his residence due to the vagueness of the appellant's concise statement).  Instantly, Appellant plainly violated Rule 1925.  As detailed above, Appellant raises for the first time on appeal, *i.e.*, in his appellate brief, specific bad acts contained in the wiretap recording, references to which he sought to have excluded at trial.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  Moreover, other than adopting the two instances of bad acts identified by the trial court, Appellant does not develop any cogent argument with citation to the record and legal authority explaining how the trial court abused its discretion in denying his motion *in limine*.  **See** Pa.R.A.P. 2119(a) (stating that the argument section of the parties' briefs "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctly displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted), **cert. denied**, 562 U.S. 906 (2010); **see also Commonwealth v. Murchinson**, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); **Commonwealth v. Heilman**, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver);

Instead, we review the two instances of bad acts the trial court identified and Appellant adopted. Based on our standard of review, and given the circumstances of this case, we conclude the trial court did not abuse its discretion in denying Appellant's motion *in limine*. As the court found, the two instances of prior bad acts were admissible under the motive and intent exceptions to Rule 404(b)(1) to establish that Appellant murdered the victim because the victim irked him. With respect to Appellant having sex in front of the victim, Appellant did so to taunt the victim with his sexual prowess, knowing that the victim "was in love" with the woman with whom he had sex, was very insecure about women generally, and frequently complained to Appellant about his inability to find an intimate partner. N.T. Wiretap, 1/30/17, at 4-5. As for the second instance where Appellant challenged the victim to a fight, it was relevant to establish Appellant's intent because Appellant described in detail what he would have done to the victim had the victim fought him. Appellant remarked, "[If the victim] would have stepped outside, I was beating his fucking face into the ground. That's what would have happened. I would've rolled his fat ass all over the ground and stomped his fucking face into that shit. Fuck. It's what would've happened." *Id.* at 52. Accordingly, Appellant is not entitled to relief on his first issue.[4]

---

*Commonwealth v. Cornelius*, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

[4] The trial court's cautionary instruction here ameliorated any prejudicial impact of the prior bad acts evidence. *Hairston*, 84 A.3d at 671.

We now turn to Appellant's second issue. Appellant argues that the evidence was sufficient to establish a voluntary intoxication defense, negating the specific intent element for first-degree murder. In other words, Appellant claims that because he was under the influence of alcohol, he lacked the specific intent to murder the victim and, as a result, his first-degree murder conviction must be reduced to murder in the third degree. We disagree.

Our Supreme Court has clarified that a defense of diminished capacity due to voluntary intoxication is an "an extremely limited defense available only to those defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill." *Commonwealth v. Hutchison*, 25 A.3d 277, 312 (Pa. 2011). Further,

> [a] diminished capacity defense does not exculpate the defendant from criminal liability entirely, but instead negates the element of specific intent. For a defendant who proves a diminished capacity defense, first-degree murder is mitigated to third-degree murder. *To establish a diminished capacity defense, a defendant must prove that his cognitive abilities of deliberation and premeditation were so compromised, by mental defect or voluntary intoxication, that he was unable to formulate the specific intent to kill. The mere fact of intoxication does not give rise to a diminished capacity defense.* Evidence that the defendant lacked the ability to control his or her actions or acted impulsively is irrelevant to specific intent to kill, and thus is not admissible to support a diminished capacity defense.

*Id.* at 312 (citations and quotations marks omitted) (emphasis added). Thus, to prove a voluntary intoxication defense, the defendant must show that he was "overwhelmed to the point of losing his faculties and sensibilities." *Id.* (citation omitted).

- 10 -

Instantly, in support of his intoxication defense, Appellant points to the testimony of Anna Johnson and Angel Hall. Appellant asserts that Ms. Johnson "believed that [Appellant] was drunk the evening [the victim] was killed." Appellant's Brief at 21. Additionally, Appellant asserts that Ms. Hall observed Appellant taking shots at a party prior to the victim's murder. *Id.* With respect to Ms. Johnson's testimony, Appellant's recitation of her testimony is woefully incomplete and misleading. Our review of the transcript reveals that Ms. Johnson offered the following testimony concerning Appellant's intoxication:

Q. Do you think that [the victim] was drunk that night?

A. We all got a little drunk.

Q. Okay.

A. I didn't get too much drunk because I had to work the next morning.

Q. Okay. What about [Appellant], was he drunk that night?

A. I believe so. I'm not completely sure if he was drunk or just a little drunk. I know [the victim] was drunk.

Q. Okay. You're not sure about [Appellant]?

A. No.

N.T. Trial, 8/21/18, at 56. Further, the victim's mother, Ms. Hall testified that when she saw Appellant after the party in the early morning hours, around the time of the victim's murder, Appellant did not appear drunk. *Id.* at 88. On cross-examination, Ms. Hall clarified that she did not believe Appellant was drunk. *Id.* at 103.

Based on the evidence presented at trial, we cannot conclude the trial court erred in finding Appellant failed to present substantial evidence to support his voluntary intoxication defense. Here, even though the jury was instructed on the voluntary intoxication defense, it did not choose to accept the defense and convicted Appellant of first-degree murder. *See Commonwealth v. Sanchez*, 82 A.3d 943, 972 (Pa. 2013) ("We may not substitute our own judgment for the jury's, as it is the fact-finder's province to weigh the evidence, determine the credibility of witnesses, and believe all, part, or none of the evidence submitted."). Thus, we agree with the trial court's conclusion that, "[a]lthough there was some evidence of [Appellant's] drinking during the night of the murder, there was absolutely no evidence that his alcohol consumption overwhelmed or impaired him to the point of losing his faculties or sensibilities." Trial Court Opinion, 1/2/19, at 2. Accordingly, Appellant's second issue likewise merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2019