J-S04009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY A. SUNDERLAND, SR. | : | |
| | : | |
| Appellant | : | No. 561 MDA 2017 |

Appeal from the Judgment of Sentence March 2, 2017
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000574-2015

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 01, 2018**

Appellant, Bradley A. Sunderland, Sr., appeals from the judgment of sentence entered following his convictions of aggravated indecent assault and incest.[1]  We affirm.

The trial court summarized the underlying facts of this case as follows:

> The victim testified regarding events that she recalled taking place between May, 2015 and November, 2015.  On November 1, 2015, around 1:00 AM or 2:00 AM, she was laying on her stomach on the couch when [Appellant] "put his fingers in my vagina."  N.T. 9/20/2016 at 30-31.  [Appellant] asked if "he could [have intercourse with] me" and she told him no.  N.T. 9/20/2016 at 32.  Then, "he got his penis out and actually penetrated my vagina."  N.T. 9/20/2016 at 32.  She further testified that "[a]t the time that he penetrated me I tensed up and he told me to come on and I said no."  N.T. 9/20/2016 at 33.  A few times in the week leading up to this incident the

_____

[1] 18 Pa.C.S. §§ 3125(a)(1) and 4302(a), respectively.

victim woke up to "[Appellant] standing over top of her with his fingers inserted into her vagina." N.T. 9/20/2016 at 212. The victim testified that [Appellant] penetrated her vagina with his fingers and penis, and that she did not consent.

Trial Court Opinion, 6/2/17, at 2.

Appellant was arrested on November 5, 2015, and was charged with various sex offenses relating to his conduct with the victim. A preliminary hearing was held on December 2, 2015, and the charges were bound over for trial. On September 15, 2016, the Commonwealth filed a motion *in limine* seeking to introduce at trial evidence of Appellant's prior bad acts with the victim, because they formed a *res gestae* leading up to the events charged against Appellant. Immediately prior to the commencement of trial, the court held a hearing on the Commonwealth's motion *in limine* and granted the Commonwealth's request to admit the evidence of Appellant's prior bad acts. During the trial, Appellant objected to the questioning of the victim pertaining to Appellant's prior bad acts, and the trial court gave a limiting instruction to the jury.

On September 20, 2016, at the conclusion of the jury trial, Appellant was found guilty of aggravated indecent assault without consent and incest. The jury found Appellant not guilty of rape, aggravated indecent assault by forcible compulsion, and aggravated indecent assault of an unconscious

- 2 -

victim.[2]  On March 2, 2017, the trial court sentenced Appellant to serve an aggregate term of incarceration of four and one-half to nine years.  On March 27, 2017, the trial court held a hearing and determined that Appellant was not a sexually violent predator.  This timely appeal followed.  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Should the [trial c]ourt have denied Commonwealth's Motion in *Limine* – Notice of Prior Bad Acts, which sought to introduce evidence that Appellant's actions were part of a *res gestae* that included a sequence of events leading up to the matters charged in the complaint?

2. Should the Appellant have had the opportunity to fully cross-examine the purported victim at the Preliminary Hearing about a purported history of sexual abuse by Appellant which fell outside of the specific time period of the charges before the [trial c]ourt?

Appellant's Brief at 8.

Appellant first argues that the trial court erred in granting the Commonwealth's motion *in limine*.  Appellant's Brief at 24-39.  Appellant contends that the trial court erred in concluding that the *res gestae* exception to the preclusion of prior bad acts evidence was applicable to the facts of this case.

A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered.  ***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super.

---

[2] 18 Pa.C.S. §§ 3121(a)(1), 3125(a)(2), and 3125(a)(4), respectively.

2003). It is well settled that "[t]he admission of evidence is within the sound discretion of the trial court, and will be reversed on appeal only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Miles*, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*) (citing *Commonwealth v. Lilliock*, 740 A.2d 237 (Pa. Super. 1999)). Abuse of discretion requires a finding of misapplication of the law, a failure to apply the law, or judgment by the trial court that exhibits bias, ill-will, prejudice, partiality, or was manifestly unreasonable, as reflected by the record. *Commonwealth v. Montalvo*, 986 A.2d 84, 94 (Pa. 2009).

Our Supreme Court has discussed evidence of other bad acts and the related exceptions as follows:

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009).

As this Court recently reiterated:

> [w]hile evidence of prior bad acts is not admissible to show criminal propensity, evidence of other crimes may be admissible if it is relevant to show some other legitimate purpose. *Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa. Super. 2015). An exception to Rule 404(b) exists that permits the admission of evidence where it became part of the history of the case and formed part of the natural development of facts.

- 4 -

> ***Commonwealth v. Solano***, 129 A.3d 1156, 1178 (Pa. 2015).
> This exception is commonly referred to as the *res gestae*
> exception. ***Id.***

***Commonwealth v. Ivy***, 146 A.3d 241, 251 (Pa. Super. 2016).

Our Supreme Court has observed that a trial court is not "required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." ***Commonwealth v. Paddy***, 800 A.2d 294, 308 (Pa. 2002) (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 501 (Pa. 1988)).  In addition, we note that, with regard to jury instructions, "[t]he law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Brown***, 567 Pa. 272, 289, 786 A.2d 961, 971 (2001); ***Commonwealth v. O'Hannon***, 732 A.2d 1193, 1196 (Pa. 1999) (stating "[a]bsent evidence to the contrary, the jury is presumed to have followed the trial court's instructions").

In addressing Appellant's issue, the trial court provided the following analysis:

> We granted the Commonwealth's motion in limine seeking to introduce [Appellant's] prior sexual contact with the victim. Pennsylvania courts recognize the *res gestae* exception to Pennsylvania Rule of Evidence 404(b) that permits the admission of evidence if it is part of the history of the case and is needed to tell the complete story. Com. v. Hairston, 624 Pa. 143, 157, 84 A.3d 657, 665 (2014); Commonwealth v. Ivy, 2016 PA Super 183, 146 A.3d 241, 251 (Pa. Super. Ct. 2016).  When a court applies the *res gestae* exception, it still must balance the prejudicial effect against the probative value.  See Com. v.

- 5 -

Brown, 2012 PA Super 150, 52 A.3d 320, 326 (Pa. Super. Ct. 2012) (citation omitted). This exception is properly applied when the bad acts are part of the same transaction involving the charged crime. Id. at 332. *Res gestae* evidence is particularly important for fact-finders in sexual assault cases due to the lack of direct evidence and lack of independent witnesses. Com. v. Dillon, 2004 PA Super 457, 11 10, 863 A.2d 597, 601 (Pa. Super. Ct. 2004), aff'd, 592 Pa. 351, 925 A.2d 131 (2007).

We held a hearing the morning of the trial, and granted [the] Commonwealth's motion that permitted the introduction of [Appellant's] prior bad acts for the limited purpose to tell the complete story. The victim testified that prior to the incidents in 2015[3], [Appellant] "played doctor" with her three or four times when she was around the age of five to seven. N.T. 9/20/2016 at 53-58. This testimony gave the full context to the jury of the victim/perpetrator history. Even more significant in this case was the [familial] relationship. The jury was entitled to know that this was not a typical [familial] relationship. The illicit conduct by the perpetrator started years before the sexual assault was tried in our courtroom, however we believed such testimony was probative. Immediately following the testimony, we gave a limiting instruction to the jury directing them to use the evidence solely for the purpose of understanding the full story leading up to the incident.[4] The probative value of the testimony, which allowed the jury to fully understand the events surrounding the relationship between victim and [Appellant], outweighed any prejudicial impact to [Appellant].

[3] She was seventeen years old at the time of [the] 2015 incidents.

[4] The cautionary instruction given was as follows:

Ladies and gentlemen, let me explain something and counsel's approached the bench a few times and I need to explain something. As I explained earlier, I'm the judge of the law and you're the judge of the facts. You're hearing evidence right now of alleged conduct of [Appellant] that allegedly happened when [the victim] was very young. The testimony is being presented for the

- 6 -

> limited purpose of permitting [the victim] to explain the series of events leading up to the conduct that's charged in the Information or the indictment.
>
> You can only consider this testimony of what happened when she was younger for the limited purpose of the development of the case from [the victim's] perspective. [Appellant] is not charged with this conduct from when she was younger and you may only consider conduct which occurred between May 1, 2015 and November 1, 2015.

N.T. 9/20/2016 at 57-58.

Trial Court Opinion, 6/2/17, at 3-4. We agree with the trial court's determination.

Our review of the record reflects that the Commonwealth questioned the victim regarding incidents of sexual conduct and "playing doctor" that occurred when she was in grade school. N.T., 9/20/16, at 53-57. Defense counsel lodged several objections to the Commonwealth's line of questioning. *Id*. The trial court overruled the objections and allowed the questioning. *Id*. As the direct examination of the victim progressed, defense counsel lodged another objection, and the trial court gave an apt curative instruction to the jury explaining that the testimony of Appellant's previous conduct was to be used "for the limited purpose of the development of the case from [the victim's] perspective." *Id*. at 56-58. We agree with the trial court that this evidence of Appellant's prior conduct with the victim establishes part of the history of the case and formed part of the natural

development of facts. Accordingly, we discern no error or abuse of discretion by the trial court in admitting the evidence. Furthermore, there is no evidence that the jury ignored the trial court's cautionary instructions directing the jury to consider the evidence for a limited purpose, and, "absent evidence to the contrary, the jury is presumed to have followed the court's instructions." **O'Hannon**, 732 A.2d at 1196. Hence, Appellant's issue does not merit relief.

Appellant next argues that he is entitled to a new trial because, at the preliminary hearing, he should have been permitted to cross-examine the victim regarding her allegations of Appellant's inappropriate conduct with her that preceded the time period of the instant offenses. Appellant's Brief at 39-44. Before we address the merits of Appellant's issue, we must determine whether the claim presented has been properly preserved for our consideration on appeal.

Our Courts have consistently ruled that, where a trial court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. **Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa. Super. 2008) (citing **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998)). In **Commonwealth v. Butler**, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in **Lord** and stated: "In **Lord**, however, this Court eliminated any aspect of discretion and established a bright-line rule

for waiver under Rule 1925 …. Thus, waiver under Rule 1925 is automatic."

**See also Commonwealth v. Oliver**, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that **Lord** "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

We are mindful that Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. The absence of a trial court opinion addressing a particular claim poses a substantial impediment to meaningful and effective appellate review. **Commonwealth v. Lemon**, 804 A.2d 34, 36 (Pa. Super. 2002). Rule 1925 is thus a crucial component of the appellate process. **Lemon**, 804 A.2d at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001). In addition, claims that are not raised before the trial court are waived. **See Commonwealth v. Lopata**, 754 A.2d 685, 689 (Pa. Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal."); **Commonwealth v. Ryan**, 909 A.2d 839, 845 (Pa. Super. 2006) (citing **Commonwealth v. Gordon**, 528 A.2d 631, 638 (Pa. Super. 1987) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief.").

Our review of the certified record reflects that on April 3, 2017, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reflects Appellant filed his Rule 1925(b) statement on April 13, 2019. Appellant's Rule 1925(b) statement contains three issues. The first issue raised a claim pertaining to the sufficiency of the evidence, and the second issue alleged trial court error in granting the Commonwealth's motion *in limine*. Pa.R.A.P. 1925(b) Statement, 4/13/17, at 1. The third issue presented a claim challenging cross-examination of the victim, as follows:

> 3. **The Trial Court erred** as a matter of law when it denied [Appellant] the opportunity to cross-examine the alleged victim relative to any history of sexual abuse by [Appellant] which fell outside of the time period of the specific charges in the complaint.

Pa.R.A.P. 1925(b) Statement, 4/13/17, at 1 (emphasis added).

Thus, Appellant properly preserved for review a claim alleging error on the part of the trial court in purportedly denying Appellant the opportunity to cross-examine the victim. In his Rule 1925(b) statement, however, Appellant never specifically raised to the trial court the theory that he was denied an opportunity to cross-examine the victim at **the preliminary hearing**. Because Appellant failed to present an issue challenging the denial of cross-examination of the victim at the preliminary hearing, the trial court limited its review to a discussion concerning cross-examination of the victim

during the jury trial. Specifically, the trial court addressed Appellant's claim as follows:

> The last issue raised indicates that the [trial c]ourt failed to permit cross[-]examination of the victim regarding prior sexual acts outside of the time period of the specific charges. The record fails to support any such argument. In fact, the [trial c]ourt expressly permitted defense counsel the opportunity to cross-examine the victim regarding the prior incidents.[5]  N.T. 9/20/2016 at 6.
>
> [5] The [trial c]ourt stated, "[o]bviously if I let [the alleged prior bad acts] in, you're going to be able to explore that on cross examination. [The District Attorney] isn't going to be able to object if I do let it in." N.T. 9/20/2016 at 6.

Trial Court Opinion, 6/2/17, at 4. Therefore, to the extent Appellant now attempts to challenge whether he was improperly denied an opportunity to cross-examine the victim at **the preliminary hearing**, we conclude that this argument is waived because Appellant failed to present this specific issue to the trial court in his Rule 1925(b) statement.

Even if the issue Appellant now presents in his appellate brief were not waived, we would conclude that it does not merit relief. The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991) (citing *Commonwealth v. Wojdak*, 466 A.2d 991 (Pa. 1983)). Its purpose is not to prove a defendant's guilt. *Id*. Therefore, the weight and credibility of the

- 11 -

evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001) (citing *Wojdak*, 466 A.2d at 1000). Further, once an appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial. *Commonwealth v. Worrall*, 609 A.2d 851, 852 (Pa. Super. 1992). We have long stated that "the failure to establish a *prima facie* case at a preliminary hearing 'is clearly immaterial where at the trial the Commonwealth met its burden by proving the [offense] beyond a reasonable doubt.'" *Commonwealth v. Troop*, 571 A.2d 1084, 1088 (Pa. Super. 1990) (quoting *Commonwealth v. McCullough*, 461 A.2d 1229, 1231 (Pa. 1983)). *See Commonwealth v. Fewell*, 654 A.2d 1109, 1112 (Pa. Super. 1995) (holding that an alleged error at the preliminary hearing stage is moot once the appellant was convicted by a jury at a fair and impartial trial). *See also Commonwealth v. Murray*, 502 A.2d 624, 630 (Pa. Super. 1985) (stating that "[l]ogically, a new preliminary hearing is foolish once the evidentiary trial is completed without reversible error.").

Our review of the record reflects that, at the preliminary hearing, the magisterial district judge limited defense counsel's cross-examination of the victim and stated, "Let's talk about the events that are charged in the Complaint here." N.T., 12/2/15, at 19-20. Although Appellant was deprived

of an opportunity to cross-examine the victim concerning her recollection of uncharged incidents that occurred with Appellant, we observe that the purpose of the preliminary hearing was for the Commonwealth to establish a *prima facie* case that Appellant committed the crimes that were actually charged. It is undisputed that a jury later found Appellant guilty of two properly charged crimes, beyond a reasonable doubt. Therefore, any alleged error at the preliminary hearing is immaterial and moot. ***Troop***, 571 A.2d at 1088; ***Fewell***, 654 A.2d at 1112. Accordingly, if this issue had not been waived, we would conclude Appellant is entitled to no relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2018